UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERK'S OFFICE

U.S. DISTRICT COURT
DISTRICT OF MASS

|  |  |
|---|---|
| JACK SCHULMAN, Individually and On Behalf Of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>WAVE SYSTEMS CORP., STEVEN SPRAGUE, and GERARD T. FEENEY,<br><br>Defendants. | CIVIL ACTION No. 04 30043 MAP |

**CLASS ACTION COMPLAINT**
and
**DEMAND FOR JURY TRIAL**

Plaintiff, Jack Schulman ("Plaintiff"), individually and on behalf of all other persons similarly situated, by his undersigned attorneys, for his complaint against defendants, alleges the following based upon personal knowledge as to himself and his own acts, and information and belief as to all other matters, based upon, *inter alia*, the investigation conducted by and through his attorneys, which included, among other things, a review of the defendants' public documents, conference calls and announcements made by defendants, United States Securities and Exchange Commission ("SEC") filings, wire and press releases published by and regarding Wave Systems Corp. ("Wave Systems" or the "Company"), securities analysts' reports and advisories about the Company, and information readily obtainable on the Internet. Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE OF THE ACTION

1. This is a federal class action on behalf of purchasers of the common stock of Wave Systems Corp. between July 31, 2003 and December 18, 2003, inclusive (the "Class Period"), seeking to pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act").

## JURISDICTION AND VENUE

2. The claims asserted herein arise under and pursuant to Sections 10(b) and 20(a) of the Exchange Act, (15 U.S.C. §§ 78j(b) and 78t(a)), and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5).

3. This Court has jurisdiction over the subject matter of this action pursuant to § 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331.

4. Venue is proper in this Judicial District pursuant to § 27 of the Exchange Act, 15 U.S.C. § 78aa and 28 U.S.C. § 1391(b). Many of the acts and transactions alleged herein, including the preparation and dissemination of materially false and misleading information, occurred in substantial part in this Judicial District. Additionally, the Company maintains a principal executive office in this Judicial District.

5. In connection with the acts, conduct and other wrongs alleged in this complaint, defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mails, interstate telephone communications and the facilities of the national securities exchange.

## PARTIES

6. Plaintiff Jack Schulman bought shares of Wave Systems during the Class Period and has suffered damages as a result of the wrongful acts of defendants as alleged herein.

7. Defendant Wave Systems is a Delaware corporation that maintains office within this judicial district at 480 Pleasant Street, Lee, MA 01238.

8. Defendant Steven Sprague ("Sprague") is the Company's Chief Executive Officer.

9. Defendant Gerard T. Feeney ("Feeney") is the Company's Chief Operating Officer.

10. Defendants Sprague and Feeney are collectively referred to hereinafter as the "Individual Defendants." During the Class Period, each of the Individual Defendants, as senior executive officers and/or directors of Wave Systems were privy to non-public information concerning its business, finances, products, markets and present and future business prospects via access to internal corporate documents, conversations and connections with other corporate officers and employees, attendance at management and Board of Directors meetings and committees thereof and via reports and other information provided to them in connection therewith. Because of their possession of such information, the Individual Defendants knew or recklessly disregarded the fact that adverse facts specified herein had not been disclosed to, and were being concealed from, the investing public.

11. Because of the Individual Defendants' positions with the Company, they had access to the adverse undisclosed information about the Company's business, operations, operational trends, financial statements, markets and present and future business prospects via access to internal corporate documents (including the Company's operating plans, budgets and forecasts and reports of actual operations compared thereto), conversations and connections with other corporate officers and employees, attendance at management and Board of Directors meetings and committees thereof and via reports and other information provided to them in connection therewith.

12. It is appropriate to treat the Individual Defendants as a group for pleading purposes and to presume that the false, misleading and incomplete information conveyed in the Company's public filings, press releases and other publications as alleged herein are the collective actions of the narrowly defined group of defendants identified above. Each of the above officers of Wave Systems, by virtue of their high-level positions with the Company, directly participated in the management of the Company, was directly involved in the day-to-day operations of the Company at the highest levels and was privy to confidential proprietary information concerning the Company

3

and its business, operations, growth, financial statements, and financial condition, as alleged herein. Said defendants were involved in drafting, producing, reviewing and/or disseminating the false and misleading statements and information alleged herein, were aware, or recklessly disregarded, that the false and misleading statements were being issued regarding the Company, and approved or ratified these statements, in violation of the federal securities laws.

13. As officers and controlling persons of a publicly-held company whose common stock was, and is, registered with the SEC pursuant to the Exchange Act, and was traded on the NASDAQ, and governed by the provisions of the federal securities laws, the Individual Defendants each had a duty to disseminate prompt, accurate and truthful information with respect to the Company's financial condition and performance, growth, operations, financial statements, business, markets, management, earnings and present and future business prospects, and to correct any previously issued statements that had become materially misleading or untrue, so that the market price of the Company's publicly-traded common stock would be based upon truthful and accurate information. The Individual Defendants' misrepresentations and omissions during the Class Period violated these specific requirements and obligations.

14. The Individual Defendants participated in the drafting, preparation, and/or approval of the various public and shareholder and investor reports and other communications complained of herein and were aware of, or recklessly disregarded, the misstatements contained therein and omissions therefrom, and were aware of their materially false and misleading nature. Because of their Board membership and/or executive and managerial positions with Wave Systems, each of the Individual Defendants had access to the adverse undisclosed information about Wave Systems' financial condition and performance as particularized herein and knew or recklessly disregarded that these adverse facts rendered the positive representations made by or about Wave Systems and its business issued or adopted by the Company materially false and misleading.

15. The Individual Defendants, because of their positions of control and authority as officers and/or directors of the Company, were able to and did control the content of the various

SEC filings, press releases and other public statements pertaining to the Company during the Class Period. Each Individual Defendant was provided with copies of the documents alleged herein to be misleading prior to or shortly after their issuance and/or had the ability and/or opportunity to prevent their issuance or cause them to be corrected. Accordingly, each of the Individual Defendants is responsible for the accuracy of the public reports and releases detailed herein and is therefore primarily liable for the representations contained therein.

16. Each of the defendants is liable as a participant in a fraudulent scheme and course of business that operated as a fraud or deceit on purchasers of Wave Systems' common stock by disseminating materially false and misleading statements and/or concealing material adverse facts. The scheme: (1) deceived the investing public regarding Wave Systems' business, operations, management and the intrinsic value of Wave Systems' common stock; and (2) caused Plaintiff and other members of the Class to purchase Wave Systems' common stock at artificially inflated prices.

## CLASS ACTION ALLEGATIONS

17. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a class (the "Class"), consisting of all those who purchased or otherwise acquired the common stock of Wave Systems during the Class Period, and who were damaged thereby. Excluded from the Class are defendants, the officers and directors of the Company, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which defendants have or had a controlling interest.

18. The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff believes that there are hundreds or thousands of members in the proposed Class.

19. Plaintiff's claims are typical of the claims of the members of the Class, because plaintiffs and all of the Class members sustained damages arising out of defendants' wrongful

conduct complained of herein.

20. Plaintiff will fairly and adequately protect the interests of the Class members and has retained counsel who are experienced and competent in class actions and securities litigation.

21. A Class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, as the damages suffered by individual members of the Class may be relatively small, the expense and burden of individual litigation make it impossible for the members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

22. Questions of law and fact common to the members of the Class predominate over any questions that may affect only individual members, in that defendants have acted on grounds generally applicable to the entire Class. Among the questions of law and fact common to the Class are:

    (a) Whether the federal securities laws were violated by Defendants' acts as alleged herein;

    (b) Whether Defendants breached their fiduciary duties by engaging in fraudulent activity; and

    (c) Whether the members of the Class have sustained damages and, if so, what is the appropriate measure of damages.

## SUBSTANTIVE ALLEGATIONS

23. Wave Systems is the leader in delivering trusted computing applications and services with advanced products, infrastructure and solutions across multiple trusted platforms from a variety of vendors. Wave holds a portfolio of significant fundamental patents in security and e-commerce applications and employs some of the world's leading security systems architects and engineers.

24. On July 31, 2003, Wave Systems announced an agreement with Intel Corporation

("Intel") that would help enable both companies to accelerate the development and deployment of trusted applications and services for safer computing on personal computer platforms. The agreement would enable Intel to bundle Wave System's software and services with a future Intel desktop motherboard, targeted for trusted computing platforms.

25. On August 4, 2003, Wave Systems further announced the following:

> [T]he new Document Manager Vault and SmartSignature security software applications in Wave System's EMBASSY® Trust Suite client software family work with the IBM Embedded Security Subsystem, a hardware and software-based security solution available on select ThinkPad notebooks and ThinkCentre desktops, to create more secure applications for the business user. The compatibility of Wave System's security software applications with IBM's hardware and software security solution is a result of Wave's successful participation in IBM's Independent Software Vendor program. This partnership is another example of IBM's commitment to help independent software vendors use IBM's hardware and software-based security system to make computing as secure as possible for the end-user. "The early stages of any emerging market are critical. IBM has clearly established their leadership in trusted computing with their family of Embedded Security System personal computers," said Lark Allen, executive vice president, Wave Systems. "Wave's partnership with IBM will significantly help us in our objective to deliver open and interoperable solutions to business customers as trusted computing continues to evolve." Leveraging the IBM security chip for personal computers, the Wave System EMBASSY Trust Suite Client Business Edition includes the first of many new applications aimed at business users: Wave's Document Manager Vault and SmartSignature. Wave's EMBASSY Trust Suite represents one of the first portfolios of user software applications, administrative tools, and trust-based systems developed specifically around the new Trusted Computing Group ("TCG") specification.

26. The combined effect of the defendants' announcements referenced in ¶¶ 24 and 25 caused Wave Systems stock to sour. Shares of Wave Systems gained 21.1%, or $0.77 per share to close at $4.42 per share on August 4, 2003.

27. On August 5, 2003, Bloomberg reported that *"shares of Wave Systems Corp., a developer of online commerce and security technology that said it has enough money to last through Oct. 15, jumped more than five-fold in four days after saying that Intel Corp will use its software."* According to defendant Sprague, *"Intel will pay a license fee for bundling the software*

*onto the computer circuit boards that Intel sells[.] . . . Those fees typically range from 50 cents to $1.50 per motherboard."*

28.     Shortly after making the announcements referenced in ¶¶ 24 and 25, defendant Feeney sold 100,000 shares of Wave Systems at $5.00 per share for proceeds totaling $500,000 on August 5, 2003. On August 6, 2003, defendant Sprague sold 150,000 shares of Wave Systems at $4.10 per share for proceeds totaling $615,000.

29.     The statements referenced above in ¶¶ 24 and 25, and defendant Sprague's statement in ¶ 27, were each materially false and misleading because they failed to disclose and misrepresented the following material adverse facts which were known to defendants or recklessly disregarded by them: (1) that Intel would not be entering into a revenue producing licensing agreement with the Company; (2) that the Intel contract did not require Intel to purchase any software; (3) that IBM was not embedding Wave System's software into IBM computers; and (4) that the IBM transaction would provide no direct revenue to the Company.

30.     On December 18, 2003, Wave Systems reported that the SEC had commenced a formal investigation into certain matters relating to Wave Systems. The SEC's investigative order, received by Wave Systems on December 17, 2003, related to certain public statements made by Wave Systems during and around August 2003, as well as certain trading in Wave Systems' securities during such time.

31.     News of this shocked the financial market. Shares of Wave Systems fell 17.13%, or $0.31 per share, to close at $1.50 per share on extremely high volume on December 19, 2003.

## UNDISCLOSED ADVERSE FACTS

32.     The market for Wave Systems' common stock was open, well-developed and efficient at all relevant times. As a result of these materially false and misleading statements and failures to disclose, Wave Systems' common stock traded at artificially inflated prices during the Class Period. Plaintiff and other members of the Class purchased or otherwise acquired Wave Systems common stock relying upon the integrity of the market price of Wave Systems' common

stock and market information relating to Wave Systems, and have been damaged thereby.

33. During the Class Period, defendants materially misled the investing public, thereby inflating the price of Wave Systems' common stock, by publicly issuing false and misleading statements and omitting to disclose material facts necessary to make defendants' statements, as set forth herein, not false and misleading. Said statements and omissions were materially false and misleading in that they failed to disclose material adverse information and misrepresented the truth about the Company, its business and operations, as alleged herein.

34. At all relevant times, the material misrepresentations and omissions particularized in this Complaint directly or proximately caused or were a substantial contributing cause of the damages sustained by plaintiff and other members of the Class. As described herein, during the Class Period, defendants made or caused to be made a series of materially false or misleading statements about Wave Systems' business, prospects and operations. These material misstatements and omissions had the cause and effect of creating in the market an unrealistically positive assessment of Wave Systems and its business, prospects and operations, thus causing the Company's common stock to be overvalued and artificially inflated at all relevant times. Defendants' materially false and misleading statements during the Class Period resulted in plaintiff and other members of the Class purchasing the Company's common stock at artificially inflated prices, thus causing the damages complained of herein.

## ADDITIONAL SCIENTER ALLEGATIONS

35. As alleged herein, defendants acted with scienter in that defendants knew that the public documents and statements issued or disseminated in the name of the Company were materially false and misleading; knew that such statements or documents would be issued or disseminated to the investing public; and knowingly and substantially participated or acquiesced in the issuance or dissemination of such statements or documents as primary violations of the federal securities laws. As set forth elsewhere herein in detail, defendants, by virtue of their receipt of information reflecting the true facts regarding Wave Systems, their control over, and/or receipt

and/or modification of Wave Systems' allegedly materially misleading misstatements and/or their associations with the Company which made them privy to confidential proprietary information concerning Wave Systems, participated in the fraudulent scheme alleged herein.

36. Defendants knew and/or recklessly disregarded the falsity and misleading nature of the information which they caused to be disseminated to the investing public. The ongoing fraudulent scheme described in this complaint could not have been perpetrated over a substantial period of time, as has occurred, without the knowledge and complicity of the personnel at the highest level of the Company, including the Individual Defendants.

37. As stated above, defendant Feeney sold 100,000 shares of Wave Systems at $5.00 per share for proceeds totaling $500,000 on August 5, 2003 just one day after the Company's announcement concerning its product. On August 6, 2003, defendant Sprague sold 150,000 shares of Wave Systems at $4.10 per share for proceeds totaling $615,000.

38. Additionally, defendants were able to complete a $7.1 million private placement on November 19, 2003.

### Applicability Of Presumption Of Reliance: Fraud-On-The-Market Doctrine

39. At all relevant times, the market for Wave Systems' common stock was an efficient market for the following reasons, among others:

(a) Wave Systems' stock met the requirements for listing, and was listed and actively traded on the NASDAQ, a highly efficient and automated market;

(b) As a regulated issuer, Wave Systems filed periodic public reports with the SEC and the NASDAQ;

(c) Wave Systems regularly communicated with public investors via established market communication mechanisms, including through regular disseminations of press releases on the national circuits of major newswire services and through other wide-ranging public disclosures, such as communications with

the financial press and other similar reporting services; and

(d) Wave Systems was followed by several securities analysts employed by major brokerage firms who wrote reports which were distributed to the sales force and certain customers of their respective brokerage firms. Each of these reports was publicly available and entered the public marketplace.

40. As a result of the foregoing, the market for Wave Systems' common stock promptly digested current information regarding Wave Systems from all publicly available sources and reflected such information in Wave Systems' stock price. Under these circumstances, all purchasers of Wave Systems' common stock during the Class Period suffered similar injury through their purchase of Wave Systems' common stock at artificially inflated prices and a presumption of reliance applies.

## NO SAFE HARBOR

41. The statutory safe harbor provided for forward-looking statements under certain circumstances does not apply to any of the allegedly false statements pleaded in this complaint. Many of the specific statements pleaded herein were not identified as "forward-looking statements" when made. To the extent there were any forward-looking statements, there were no meaningful cautionary statements identifying important factors that could cause actual results to differ materially from those in the purportedly forward-looking statements. Alternatively, to the extent that the statutory safe harbor does apply to any forward-looking statements pleaded herein, defendants are liable for those false forward-looking statements because at the time each of those forward-looking statements was made, the particular speaker knew that the particular forward-looking statement was false, and/or the forward-looking statement was authorized and/or approved by an executive officer of Wave Systems who knew that those statements were false when made.

## FIRST CLAIM

### Violation Of Section 10(b) Of The Exchange Act And Rule 10b-5 Promulgated Thereunder Against All Defendants

42. Plaintiff repeats and reiterates the allegations set forth above as though fully set forth herein. This claim is asserted against all defendants.

43. During the Class Period, defendant Wave Systems and the Individual Defendants, and each of them, carried out a plan, scheme and course of conduct which was intended to and, throughout the Class Period, did: a) deceive the investing public, including plaintiff and other Class members, as alleged herein; b) artificially inflate and maintain the market price of Wave Systems' common stock; and c) cause plaintiff and other members of the Class to purchase Wave Systems' common stock at artificially inflated prices. In furtherance of this unlawful scheme, plan and course of conduct, defendants Wave Systems and the Individual Defendants, and each of them, took the actions set forth herein.

44. These defendants: a) employed devices, schemes, and artifices to defraud; b) made untrue statements of material fact and/or omitted to state material facts necessary to make the statements not misleading; and c) engaged in acts, practices, and a course of business which operated as a fraud and deceit upon the purchasers of the Company's securities in an effort to maintain artificially high market prices for Wave Systems' securities in violation of Section 10(b) of the Exchange Act and Rule 10b-5. These defendants are sued either as primary participants in the wrongful and illegal conduct charged herein. The Individual Defendants are also sued as controlling persons of Wave Systems, as alleged below.

45. In addition to the duties of full disclosure imposed on defendants as a result of their making of affirmative statements and reports, or participation in the making of affirmative statements and reports to the investing public, they each had a duty to promptly disseminate truthful information that would be material to investors in compliance with the integrated disclosure provisions of the SEC as embodied in SEC Regulation S-X (17 C.F.R. § 210.01 et seq.) and S-K

(17 C.F.R. § 229.10 et seq.) and other SEC regulations, including accurate and truthful information with respect to the Company's operations, financial condition and performance so that the market prices of the Company's common stock would be based on truthful, complete and accurate information.

46.     Wave Systems and the Individual Defendants, individually and in concert, directly and indirectly, by the use, means or instrumentalities of interstate commerce and/or of the mails, engaged and participated in a continuous course of conduct to conceal adverse material information about the business, business practices, performance, operations and future prospects of Wave Systems as specified herein.

47.     These defendants employed devices, schemes and artifices to defraud, while in possession of material adverse non-public information and engaged in acts, practices, and a course of conduct as alleged herein in an effort to assure investors of Wave Systems' value and performance and continued substantial growth, which included the making of, or the participation in the making of, untrue statements of material facts and omitting to state material facts necessary in order to make the statements made about Wave Systems and its business operations and future prospects in the light of the circumstances under which they were made, not misleading, as set forth more particularly herein, and engaged in transactions, practices and a course of business which operated as a fraud and deceit upon the purchasers of Wave Systems' securities during the Class Period.

48.     Each of the Individual Defendants' primary liability, and controlling person liability, arises from the following facts: a) each of the Individual Defendants was a high-level executive and/or director at the Company during the Class Period; b) each of the Individual Defendants, by virtue of his responsibilities and activities as a senior executive officer and/or director of the Company, was privy to and participated in the creation, development and reporting of the Company's internal budgets, plans, projections and/or reports; c) the Individual Defendants enjoyed significant personal contact and familiarity with each other and were advised of and had

access to other members of the Company's management team, internal reports, and other data and information about the Company's financial condition and performance at all relevant times; and d) the Individual Defendants were aware of the Company's dissemination of information to the investing public which they knew or recklessly disregarded was materially false and misleading.

49.  These defendants had actual knowledge of the misrepresentations and omissions of material facts set forth herein, or acted with reckless disregard for the truth in that they failed to ascertain and to disclose such facts, even though such facts were available to them. Such defendants' material misrepresentations and/or omissions were done knowingly or recklessly and for the purpose and effect of concealing Wave Systems' operating condition, business practices and future business prospects from the investing public and supporting the artificially inflated price of its securities. As demonstrated by defendants' overstatements and misstatements of the Company's financial condition and performance throughout the Class Period, the Individual Defendants, if they did not have actual knowledge of the misrepresentations and omissions alleged, were reckless in failing to obtain such knowledge by deliberately refraining from taking those steps necessary to discover whether those statements were false or misleading.

50.  As a result of the dissemination of the materially false and misleading information and failure to disclose material facts, as set forth above, the market price of Wave Systems' securities were artificially inflated during the Class Period. In ignorance of the fact that market prices of Wave Systems' common stock were artificially inflated, and relying directly or indirectly on the false and misleading statements made by defendants, or upon the integrity of the market in which the securities trade, and/or on the absence of material adverse information that was known to or recklessly disregarded by defendants but not disclosed in public statements by defendants during the Class Period, plaintiff and the other members of the Class acquired Wave Systems securities during the Class Period at artificially high prices and were damaged thereby.

51.  At the time of said misrepresentations and omissions, plaintiff and other members of the Class were ignorant of their falsity, and believed them to be true. Had plaintiff and the other

members of the Class and the marketplace known of the true performance, business practices, future prospects and intrinsic value of Wave Systems, which were not disclosed by defendants, plaintiff and other members of the Class would not have purchased or otherwise acquired their Wave Systems common stock during the Class Period, or, if they had acquired such securities during the Class Period, they would not have done so at the artificially inflated prices which they paid.

52. By virtue of the foregoing, Wave Systems and the Individual Defendants have each violated Section 10(b) of the Exchange Act, and Rule 10b-5 promulgated thereunder.

53. As a direct and proximate result of defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their respective purchases and sales of the Company's securities during the Class Period.

## SECOND CLAIM

### Violation Of Section 20(a) Of The Exchange Act Against the Individual Defendants

54. Plaintiff repeats and reiterates the allegations as set forth above as if set forth fully herein. This claim is asserted against the Individual Defendants.

55. Each of the Individual Defendants acted as a controlling person of Wave Systems within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their high-level positions with the Company, participation in and/or awareness of the Company's operations and/or intimate knowledge of the Company's actual performance, the Individual Defendants had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which plaintiff contends are false and misleading. Each of the Individual Defendants was provided with or had unlimited access to copies of the Company's reports, press releases, public filings and other statements alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be

corrected.

56. In addition, each of the Individual Defendants had direct involvement in the day-today operations of the Company and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same.

57. As set forth above, Wave Systems and the Individual Defendants each violated Section 10(b) and Rule 10b-5 by their acts and omissions as alleged in this Complaint. By virtue of their controlling positions, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' wrongful conduct, plaintiff and other members of the Class suffered damages in connection with their purchases of the Company's securities during the Class Period.

## RELIEF REQUESTED

WHEREFORE, plaintiff prays for relief and judgment, as follows:

(a) Determining that this action is a proper class action, designating plaintiff as Lead Plaintiff and certifying plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure and plaintiff's counsel as Lead Counsel;

(b) Awarding compensatory damages in favor of plaintiff and the other Class members against all defendants, jointly and severally, for all damages sustained as a result of defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

(c) Awarding plaintiff and the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

(d) Such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

Dated: February 20, 2004                       **PERKINS SMITH & COHEN LLP,**

By: _____
Susan E. Stenger
One Beacon Street, 30th Floor
Boston, MA 02108-3106
Telephone: (617) 854-4000


**WECHSLER HARWOOD LLP**
Robert I. Harwood
Jeffrey M. Norton
488 Madison Avenue, 8th Floor
New York, New York 10022
Telephone: (212) 935-7400

**Attorneys for Plaintiff**

OF COUNSEL:

LAW OFFICES OF CHARLES J. PIVEN, P.A.
Charles J. Piven, Esq.
401 East Pratt Street, Suite 2525
Baltimore, Maryland 21202
Telephone: (410) 332-0030
Facsimile: (410) 685-1300

## PLAINTIFF'S CERTIFICATION

__Jack Schulman__ ("Plaintiff") declares under penalty of perjury, as to the claims asserted under the federal securities laws, that:

1. Plaintiff has reviewed the complaint and authorized its filing.

2. Plaintiff did not purchase the security that is the subject of this action at the direction of plaintiff's counsel or in order to participate in this private action.

3. Plaintiff is willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary.

4. Plaintiff's transactions in Wave Systems Corporation securities during the Class Period are as follows:

(Complete only one trade per line; place any additional trades on the attached sheet)

| # of Shares Purchased | # of Shares Sold | Price Per Share | Date of Purchase/Sale |
|---|---|---|---|
| 1,000 | | $4.70 | 8-1-03 |
| 1,000 | | 4.17 | 8-1-03 |
| 1,000 | | 4.17 | 8-1-03 |

5. During the three years prior to the date of this Certification, Plaintiff has not sought to serve or served as a representative party for a class under the federal securities laws.

6. Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the court.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 6th day of Feb., 2004

_[signature: Jack Schulman]_

## ATTACHMENT TO CERTIFICATION

Wave Systems Corporation Securities Litigation

Name: Jack Schulman

(please complete only one trade per line)

| # of Shares Purchased | # of Shares Sold | Price Per Share | Date of Purchase/Sale |
|---|---|---|---|
| 800 | | $ 4.77 | 8-1-03 |
| 200 | | 4.64 | 8-1-03 |
| 3,900 | | 1.98 | 11-26-03 |
| 700 | | 1.98 | 11-26-03 |
| 5,000 | | 1.77 | 12-18-03 |
| 1,000 | | 1.50 | 12-19-03 |
| 500 | | 1.50 | 12-19-03 |

*[signed] Jack Schulman*